**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-50464**
_____


**TRAVIS COUNTY, TEXAS,**

           **Plaintiff-Counter Defendant-Appellee-Cross-Appellant,**

                      **versus**

**RYLANDER INVESTMENT COMPANY, INC.,**

           **Defendant-Counter Plaintiff-Appellant-Cross-Appellee.**

_____

Appeal from the United States District Court
for the Western District of Texas
(A-94-CV-561)
_____

June 10, 1999

Before JONES, DUHÉ, and BARKSDALE, Circuit Judges.[*]

PER CURIAM:

        The court has carefully considered the briefs, oral
arguments of the parties and pertinent portions of the record
concerning this appeal.  We reach the following conclusions.

        First, Travis County did not clearly breach the agreement
with Rylander Investment Co. (Rylander) by rejecting the Fuccello
Lease.  The County had broad authority to approve leases for the
Farmers Market and acted within its discretion.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Second, the district court did not clearly err in its award of damages to Rylander. The court made difficult assessments based on substantial conflicting evidence as to the profitability of the Farmers Market leases, the impact of the County's failure to approve leases from 1993-96, overall market conditions and the effect of competition on the market. There is no demonstration that the magistrate judge applied an incorrect legal measure of damages, nor has Rylander shown that the court clearly erred in assessing the amount of damages. While this court might have awarded a different amount, it is not our role to assess damages de novo.

Similarly as to attorneys fees, the lower court correctly found that Rylander prevailed principally on the RELA issue, and there remained ample room for judgment on the allocation of fees between that issue and others. The RELA issue was not so inseparable from Rylander's other issues as to preclude an allocation of fees. Given Rylander's imperfect cooperation in this endeavor, the court's conclusion was not an abuse of discretion.

Finally, the magistrate judge did err in failing to award prejudgment interest from the date of accrual of the claim and costs to Rylander, making remand necessary on these issues alone. It is assumed that the judgment did include post-judgment interest.

The County's issues on cross-appeal are meritless.

The judgment of the magistrate judge is therefore affirmed in part but vacated and remanded for an award of prejudgment interest and costs to Rylander.

**AFFIRMED** in Part; **VACATED/REMANDED** in Part.